UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8754 FMO (CWx) | Date | **March 9, 2015** |
|---|---|---|---|
| Title | **Wayne Gall v. Smith & Nephew, Inc. et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Remanding Action

Having received and reviewed all the briefing filed with respect to Plaintiff Wayne Gall's ("plaintiff") Notice of Motion and Motion to Remand ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F. 3d 675, 684 n.2 (9th Cir. 2001).

**BACKGROUND**

On or about March 28, 2013, plaintiff filed a complaint in the Superior Court of the State of California for the County of Los Angeles ("LASC"), naming as defendants Stryker Orthopaedics ("Howmedica"[1]), Corin USA Limited d/b/a Corin Orthopedic Products ("Corin"), and Does 1 through 50 ("Doe defendants"). (See Declaration of Litsa Georgantopolous in Support of Defendant Smith & Nephew, Inc's Opposition to Plaintiff's Motion to Remand (Georgantopolous Decl.), Exhibit ("Exh.") A ("Complaint")). The Complaint asserted causes of action for: (1) strict liability: design defect; (2) strict liability: manufacturing defect; (3) strict liability: failure to warn; (4) strict liability: failure to adequately test; (5) negligence; (6) breach of express warranty; (7) breach of implied warranty; (8) fraudulent concealment; (9) intentional misrepresentation; (10) negligent misrepresentation; (11) professional negligence; and (12) violation of California Business and Professions Code §§ 17200, et seq. (See id. at ¶¶ 9-99.)

On September 17, 2013, Howmedica and Corin removed the action under 28 U.S.C. §§ 1332, 1441, and 1446. (See Georgantopolous Decl., Exh. B).

On August 14, 2014, the court, on Corin's motion, dismissed certain claims in plaintiff's First Amended Complaint. (See Court's Order of August 14, 2014 at 4). The court also dismissed all Doe defendants because they had not been identified. (See id. at 2). Because the eleventh cause of action for professional negligence was asserted only as to the Doe defendants, that cause of action was also dismissed. (See id.).

---

[1] Howmedica Ostenics Corp. was erroneously sued as "Stryker Orthopaedics."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8754 FMO (CWx) | Date | **March 9, 2015** |
|---|---|---|---|
| Title | **Wayne Gall v. Smith & Nephew, Inc. et al.** | | |

On August 19, 2014, plaintiff filed a Second Amended Complaint, again naming Howmedica and Corin as defendants. (See Georgantopolous Decl., Exh. I). The parties also filed a Stipulation to Remand Removed Action, which the court approved on August 20, 2014, stating that plaintiff had agreed to dismiss the diverse defendants with prejudice upon remand. (See Georgantopolous Decl., Exh. J at 2).

On August 22, 2014, after the case had been remanded to the state court, plaintiff filed an Amendment to Complaint (Fictitious/Incorrect Name), naming Smith & Nephew, Inc. as Doe Defendant No. 1. (See Georgantopolous Decl., Exh. M). On September 5, 2014, plaintiff dismissed Howmedica and Corin from the state action. (See Georgantopolous Decl., Exh. N).

On October 15, 2014, plaintiff filed the operative First Amended Complaint ("LASC FAC") in the state court action, naming as defendants Smith & Nephew, Inc. ("Smith & Nephew"), and Jamie Hernandez, M.D. ("Dr. Hernandez"). (See Georgantopolous Decl., Exh. O). The LASC FAC asserts: (1) strict liability: design defect; (2) strict liability: manufacturing defect; (3) strict liability: failure to warn; (4) strict liability: failure to adequately test; (5) negligence; (6) breach of express warranty; (7) breach of implied warranty; (8) fraudulent concealment; (9) intentional misrepresentation; (10) negligent misrepresentation; (11) professional negligence; and (12) violation of California Business and Professions Code §§ 17200, et seq. (See id. at ¶¶ 10-111). Plaintiff brings all causes of action against both defendants, except professional negligence, which is asserted only against Dr. Hernandez. (See id. at ¶¶ 95-104).

On November 12, 2014, Smith & Nephew filed a Notice of Removal ("NOR") to remove the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (See NOR at 1). On November 14, 2014, plaintiff filed the instant Motion, and Smith & Nephew filed its Opposition to Plaintiff's Motion to Remand ("Opposition") on November 25, 2014. Plaintiff filed a Reply Memorandum in Support of Motion to Remand ("Reply") on December 4, 2014.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8754 FMO (CWx) | Date | **March 9, 2015** |
|---|---|---|---|
| Title | **Wayne Gall v. Smith & Nephew, Inc. et al.** | | |

Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of federal jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("[s]ubject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

Plaintiff is a resident of California. (See NOR at ¶ 21). Smith & Nephew is a company organized and existing under the laws of the State of Delaware, with its principal place of business in Memphis, Tennessee. (See id. at ¶ 22). Thus, for diversity purposes, Smith & Nephew is a citizen of Delaware and Tennessee. Dr. Hernandez is identified as a citizen of California. (See Motion at 3). Smith & Nephew asserts, however, that Dr. Hernandez is a sham defendant, and therefore, his citizenship should be disregarded. (See NOR at ¶ 23).

"It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.), cert. denied 525 U.S. 963 (1998). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotations omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944).

Here, Smith & Nephew claims that Dr. Hernandez, a California resident, was fraudulently joined through "procedural maneuvering" to remain in state court. (See Opposition at 1). Smith and Nephew asserts that the claims now asserted against Dr. Hernandez in plaintiff's LASC FAC were dismissed in the Court's Order of August 14, 2014, both through the dismissal of all Doe defendants and through the dismissal of plaintiff's professional negligence claim. (See id. at 5). Accordingly, Smith & Nephew argues, Dr. Hernandez is a sham defendant. (See id. at 6). Smith & Nephew's assertions are unpersuasive.

First, Smith & Nephew does not appear to contest that plaintiff has stated a colorable claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8754 FMO (CWx) | Date | **March 9, 2015** |
|---|---|---|---|
| Title | **Wayne Gall v. Smith & Nephew, Inc. et al.** | | |

against Dr. Hernandez. (See, generally, Opposition at 5-9). Nor could it, because, as plaintiff notes, Dr. Hernandez "had not put in the device he had told plaintiff he would be receiving, but instead had put in a device manufactured by defendant Smith & Nephew (a device which ultimately was defective)." (Motion at 3). Whether it was a result of negligence on the question of informed consent or negligence in the operating theater, the assertion that the wrong device was put into plaintiff establishes a colorable claim under state law.[2]

Second, this court has no role in deciding whether the state court correctly applied state law in deciding to allow plaintiff to amend his operative LASC FAC to add Dr. Hernandez and the professional negligence claim. In other words, the issues of res judicata, law of the case, and statute of limitations are for the state court to decide. The only issue for this court is whether plaintiff has stated a colorable claim against Dr. Hernandez.

Even assuming the court could somehow review the state court's decision to allow amendment of the operative LASC FAC, there is no basis for the application of res judicata to the subject claim. "In California, a judgment has res judicata effect on another case if: (1) the issues decided in the prior case were or could have been raised in the subsequent case; (2) there was a final judgment on the merits; and (3) the party against whom the res judicata was asserted was a party in the prior case." Brother Records, Inc. v. Jardine, 432 F.3d 939, 943 (9th Cir. 2005). As an initial matter, there is no "prior" case. Upon remand, the state court case was simply a continuation of the same case.[3] Cf. Hansen & Rowland v. C.F. Lytle Co., 167 F.2d 998 (9th Cir. 1948) (res judicata does not apply where a controversy has not been concluded and no second action has been brought, e.g., "where there has been a reversal and a remand for further proceedings in the same litigation."). Further, the court's dismissal of Doe defendants and the

---

[2] Although plaintiff's knowledge of Dr. Hernandez's identity is irrelevant to the question of whether he has been fraudulently joined to prevent removal, it should be addressed briefly. From the outset of this litigation, the materials that led to the identification of the original defendants – Howmedica and Corin – were provided by Dr. Hernandez. (See Motion at 3). The court is therefore unpersuaded by Smith & Nephew's claim that plaintiff cannot "explain why the 'wrong' defendants were named and remained in this lawsuit for almost a year." (Opposition at 5).

[3] Although defendant raises, in a one-paragraph, conclusory argument, that the addition of Dr. Hernandez is barred by the statute of limitations, (see Opposition at 8), it is unlikely – again, assuming it was for this court to decide – that the addition of Dr. Hernandez would be barred by the statute of limitations. The issue here is whether there is diversity jurisdiction and whether plaintiff has a colorable claim against Dr. Hernandez, the non-diverse defendant. That plaintiff sought to remand to state court and to add additional defendants prior to dismissing Howmedica and Corin reflects an understanding, and perhaps a strategic application, of procedural rules. It does not mean that the plaintiff has "failed to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state." See United Computer Sys., 298 F.3d at 761.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8754 FMO (CWx) | Date | **March 9, 2015** |
|---|---|---|---|
| Title | **Wayne Gall v. Smith & Nephew, Inc. et al.** | | |

professional negligence claim in the Court's Order of August 14, 2014 was not a final judgment on the merits.

This court also has no basis to revisit the state court's addition of Dr. Hernandez to the operative LASC FAC under the "law of the case" doctrine. Even assuming this court's decision dismissing the Doe defendants somehow constituted "law of the case," the court is not aware of any authority that requires the state court to abide by this court's previous decisions when it had jurisdiction of the case. A court always has the power to alter or revoke earlier rulings in the same case, even if the rulings are made by different judge. See Wright, Miller & Cooper, 18B Federal Practice and Procedure § 4478, at 637 ("The courts are reluctant to open a ruling once made. This general reluctance is augmented by comity concerns when one judge or court is asked to reconsider the ruling of a different judge or court. Reluctance, however, does not equal lack of authority."); Pepper v. U.S., 131 S.Ct 1229, 1250-51 (2011) (law of the case "doctrine directs a court's discretion, it does not limit the tribunal's power. Accordingly, the doctrine does not apply if the court is convinced that its prior decision is clearly erroneous and would work a manifest injustice.") (internal quotation marks and citations omitted).

In short, the court finds that Dr. Hernandez was not fraudulently joined. Because Dr. Hernandez is a citizen of California and there is no basis for diversity jurisdiction, the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's Motion to Remand **(Document No. 8)** is **granted**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |